UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ROBERT M. WAGGY,

                Plaintiff,

        v.

PAUL NICHOLI,

                Defendant.

No. CV-07-181-FVS

ORDER GRANTING MOTION FOR
SUBSTITUTION AND DISMISSAL

**THIS MATTER** comes before the court on the United States' Motion For Substitution and Dismissal, Ct. Rec. 2.  The Plaintiff is proceeding pro se.  The Defendant is represented by Frank A. Wilson.

**BACKGROUND**

The Plaintiff, Robert M. Waggy, brings claims for negligence, outrage, false reporting, and lending criminal assistance against Paul Nicholi, an employee of the Department of Veterans Affairs.  The Plaintiff alleges that Nicholi was assigned to assist him in seeking treatment at the VA hospital.  Nicholi allegedly failed to assist Waggy in obtaining proper treatment, conspired with Child Protective Services to remove Wagggy's daughters from his home, and "forced him into a psychiatric ward against his will."  Compl. at 1.

The Plaintiff filed the present action in the Superior Court of Washington for Spokane County.  The Defendant removed the action to this Court on June 4, 2007.  On June 13, James A. McDevitt certified

ORDER GRANTING MOTION FOR SUBSTITUTION AND DISMISSAL- 1

that Nicholi was "acting within the scope of his employment as an employee of the United States at the time of the incident out of which this suit arose."  Mem. In Supp. Of United States' Mot. For Substitution And Dismissal Att. A.  The Defendant now moves to substitute the United States as a party.

**DISCUSSION**

Under the Federal Employees Liability Reform and Tort Compensation Act ("the Westfall Act"), a party who has been injured by a federal employee acting within the scope of his or her office or employment has but one remedy: to bring suit against the United States under the Federal Tort Claims Act ("FTCA").  28 U.S.C. § 2679(b)(1). A suit under the FTCA remains the exclusive remedy even in cases where no relief is available under the FTCA.  *United States v. Smith*, 499 U.S. 160, 163, 111 S. Ct. 1180, 1183-84, 113 L. Ed. 2d 134, 142-143 (1991).

When a federal employee has been sued, the Attorney General may certify that the employee was acting within the scope of his or her office.  28 U.S.C. § 2679(d)(1).  Once the Attorney General has done so, the United States must be substituted as a party and the employee dismissed from the action.  28 U.S.C. § 2679(b)(1); 28 U.S.C. § 2679(d)(1).  The Attorney General has the right to decide the scope of employment issue in the first instance, and his or her certification is "conclusive unless challenged."  *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1994)).   The United States Attorney for the Department of Justice in the Eastern District of Washington has certified that the Defendant was acting within the scope of his employment as an employee

ORDER GRANTING MOTION FOR SUBSTITUTION AND DISMISSAL- 2

of the United States at the time of the incident out of which this suit arose.  The Plaintiff has not challenged this certification.  Accordingly,

**IT IS HEREBY ORDERED:**

1. The United States' Motion For Substitution and Dismissal, **Ct. Rec. 2,** is **GRANTED.**

2. The United States of America is hereby **SUBSTITUTED** as a defendant in place of Paul Nicholi.

3. Paul Nicholi is **DISMISSED** from this action.

4. Henceforth, the caption of this case shall be "Robert M. Waggy v. United States of America."

5. The parties and the District Court Executive shall conform the caption of all future filings in this case to that specified above.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  10th  day of September, 2007.

                    s/ Fred Van Sickle
                  Fred Van Sickle
               United States District Judge

ORDER GRANTING MOTION FOR SUBSTITUTION AND DISMISSAL- 3