UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT M. WAGGY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. CV-07-181-CI<br><br>ORDER STAYING THE CAPTIONED MATTER FOR SIXTY DAYS, STRIKING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO RENOTE, AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT<br><br>- CLERK ACTION REQUIRED - |

　　Before the court is Defendant's Motion to Dismiss (Ct. Rec. 11) and Plaintiff's Response objecting to dismissal. (Ct. Rec. 16.) Plaintiff appears pro se; Defendant is represented by Assistant United States Attorney Frank A. Wilson. On November 1, 2007, the parties consented to proceed before a magistrate judge. (Ct. Rec. 17.)

**FACTUAL AND PROCEDURAL BACKGROUND**

　　On May 11, 2007, Plaintiff filed claims in state court against Paul Nicholi, an employee of the United States Department of Veterans Affairs (VA), for negligence, outrage, false reporting and

ORDER STAYING THE CAPTIONED MATTER FOR SIXTY DAYS, STRIKING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO RENOTE, AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT - 1

lending criminal assistance. Plaintiff complains that Mr. Nicholi was negligent in providing appropriate treatment for Plaintiff's service-connected disabilities. He also claims that in March 1997, Mr. Nicholi conspired illegally with child protective services (CPS) to have Plaintiff's daughter removed from his care. Plaintiff seeks damages of $50,000,000. (Ct. Rec. 1.)

A Notice of Removal to federal district court was filed in this court on June 4, 2007; on June 13, 2007, James A. McDevitt, U.S. Attorney, certified that Mr. Nicholi was acting "within the course and scope of his federal employment with respect to the conduct which forms the basis for Plaintiff's complaint." (Ct. Rec. 2.) The United States of America was substituted as party by Order of the court on September 10, 2007, and Mr. Nicholi was dismissed from the action. (Ct. Rec. 10.)

On September 11, 2007, Defendant moved for dismissal of the Complaint for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), and due to Plaintiff's failure to state a claim upon which relief can be granted, FED. R. CIV. P. 12(b)(6). (Ct. Rec. 11, 12.) Plaintiff responded on September 27, 2007, and objects to dismissal, stating since the case has been removed to federal court, (1) he is pursuing federal administrative remedies as required by the Federal Torts Claim Act, and (2) the statute of limitations does not apply because the alleged denial of treatment is still occurring. (Ct. Rec. 16.) Plaintiff also appears to dispute the U.S. Attorney's certification that Mr. Nicholi was acting within the scope of his duties as a federal employee when he contacted CPS. (*Id.*)

ORDER STAYING THE CAPTIONED MATTER FOR SIXTY DAYS, STRIKING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO RENOTE, AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT - 2

**DISCUSSION**

**A.    Federal Employee Immunity**

The Federal Employees Liability Reform and Tort Compensation Act (FELRTCA), provides employees of a federal agency with absolute immunity from suit for common law torts committed within the scope of their employment.  28 U.S.C. § 1346(b)(1); *Adams v. U.S.*, 420 F.3d 1049, 1051-52 (9th Cir. 2005).  Upon certification by the U. S. Attorney that a federal employee was acting within the scope of his or her employment, regardless of whether their conduct was discretionary, the action will be construed as an action against the United States.  *Arthur v. U.S. by and through Veterans Admin.*, 45 F.3d 292, 294-95 (9th Cir. 1995).  Once the United States is substituted as a party in the action, state tort claims must be removed to federal district court; thereafter, a plaintiff's exclusive avenue of recovery is the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346, 2617, *et seq*.  28 U.S.C. § 2679(d)(4).  Although certification by the U. S. Attorney "conclusively" establishes scope of employment for purposes of removal, 28 U.S.C. § 2679 (d)(2), certification (or refusal to certify) may be challenged in district court.  *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993); *Meridian Intern. Logistics, Inc. v. U.S.*, 939 F.2d 740, 745 (9th Cir. 1991).

The district court's review of certification is *de novo.*  The issue of an employee's scope of employment is a mixed question of law and fact.  In reviewing scope of employment certification, where declarations and/or documentary evidence is insufficient to determine conclusively that the federal employee acted within the scope of his or her employment, the district court may request

ORDER STAYING THE CAPTIONED MATTER FOR SIXTY DAYS, STRIKING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO RENOTE, AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT - 3

further documentary proof or hold adversarial evidentiary hearings to resolve disputed questions of fact. *Meridian*, 939 F.2d at 745. "The question of scope of employment should be decided early in the proceedings with sufficient finality to bind the parties in the later stages of the case." *Arthur*, 45 F.3d at 296.

Plaintiff did not challenge the U.S. Attorney's certification in June 2007, when it was filed. The parties filed a joint status report on August 14, 2007, and no issue of certification was identified. (Ct. Rec. 6.) An order granting Defendant's motion for substitution and dismissal of Mr. Nicholi as a party was entered on September 10, 2007; this order was not appealed. Now, in his response to the instant motion, Plaintiff states Mr. Nicholi's actions "were not the context [sic] of his duties as a federal employee," claiming Mr. Nicholi "conspired" with CPS (child protective services) for the illegal removal of Plaintiff's child. (Ct. Rec. 1, 16.) If Plaintiff is attempting to contest certification, sufficient facts should be plead in his amended complaint if he chooses to amend and refile.

**B.  Federal Torts Claim Act**

Under the FTCA, a claimant must exhaust all available administrative remedies before initiating civil actions against the United States. 28 U.S.C. § 2675(a); *Rooney v. U.S.*, 634 F.2d 1238, 1241 (9th Cir. 1980). Tort claims against the United States are barred unless presented in writing to the appropriate federal agency within two years after that claim accrues. Further, a tort claim against the United States is "forever barred" unless an action is begun within six months after the date of mailing of notice of the

ORDER STAYING THE CAPTIONED MATTER FOR SIXTY DAYS, STRIKING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO RENOTE, AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT - 4

agency's final denial of the claim.  28 U.S.C. § 2401(b).

Recognizing the difficulty in determining when a medical malpractice claim accrues for purposes of the FTCA statute of limitations, the Ninth Circuit has held that where a claim is based on failure to diagnose, warn or treat a patient for a pre-existing condition, rather than a new injury, a claim accrues under § 2401(b) when "the patient becomes aware or through the exercise of reasonable diligence should have become aware of the development of a pre-existing problem into a more serious condition." *Raddatz v. U.S.*, 750 F.2d 791, 796 (9th Cir. 1984).

Here, it appears Plaintiff is claiming negligent medical treatment by the VA.  Plaintiff contests Defendant's argument that the two-year statute of limitations has expired; however, he does not allege (1) the nature of the injury caused by the alleged negligence, or (2) when his claim of negligent medical treatment accrued.  It also appears that until Plaintiff's State tort claims were removed to federal court, Plaintiff was unaware of the exhaustion requirement of the FTCA.  He now represents that he has filed a claim with the VA, and has requested review of his denial of medical treatment by the Board of Veteran Appeals.  (Ct. Rec. 16 at 2.)  Proof of a pending claim or review, or a final determination by the VA is not in the record before the court.  If his claim accrued within the last two years, his attempts at exhaustion required by FTCA may be successful.

"The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (*citing Boag*

ORDER STAYING THE CAPTIONED MATTER FOR SIXTY DAYS, STRIKING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO RENOTE, AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT - 5

*v. MacDougall*, 454 U.S. 364 (1982) (per curiam).  The courts therefore hold pro se pleadings to a less stringent standard than pleadings prepared by attorneys.  "Before dismissing a [pro se] action, a court should be sure less drastic alternatives are not available."  *Id.*[1]  Unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Plaintiff represents he is in the process of seeking administrative review.  (Ct. Rec. 16.)  The outcome of the Board of Veteran Appeals review is not known, and exhaustion of administrative remedies may render Plaintiff's federal claim moot.[2]  Additional facts are necessary to plead a challenge to the U.S. Attorney's certification that Mr. Nicholi was acting within his scope of employment.  In light of Plaintiff's pro se status, the removal of this case to federal court from state court, and the pending VA review of Plaintiff's claims, a stay of six months while Plaintiff exhausts administrative remedies, is appropriate.

---

[1] While *Eldridge* is arguably distinguishable in that the plaintiff was a pro se prisoner, the underlying principle of FED. R. CIV. P. 15 "to facilitate decision on the merits, rather than on the pleadings or technicalities," is applicable here.  *See e.g., U.S. v. Webb*, 655 F.2d 977 (9th Cir. 1981).

[2] To the extent Plaintiff's administrative claims contest denial of benefits, those claims are not reviewable by district court.  38 U.S.C. §§ 7252, 7292.

ORDER STAYING THE CAPTIONED MATTER FOR SIXTY DAYS, STRIKING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO RENOTE, AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT - 6

Accordingly,

**IT IS ORDERED**:

1. The captioned matter is **STAYED FOR SIX MONTHS** during which Plaintiff may pursue administrative remedies and exhaustion.

2. Plaintiff is **GRANTED LEAVE TO AMEND** his Complaint to file in federal court **NO LATER THAN APRIL 14, 2008**, in which he shall set forth his factual allegations in separate numbered paragraphs. <u>THIS AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT COMPLAINT.</u> Plaintiff shall present his complaint in the form required by LR 10.1, Local Rules for the Eastern District of Washington. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **IT MUST BE CLEARLY LABELED THE "FIRST AMENDED COMPLAINT" and cause number CV-07-0181-CI must be written in the caption.** Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on Defendant.

3. Defendant's Motion to Dismiss (**Ct. Rec. 11**) is **STRICKEN WITH LEAVE TO RENOTE IN SIX MONTHS** for hearing, at which time it will be treated as a motion for summary judgment, as the certification issue is a mixed question of law and fact. The court will consider supplementation, if any, by both parties.

The Clerk of the Court is directed to forward a copy of this Order to Plaintiff, with a copy of (1) **the Local Rules for U.S. District Court for the Eastern District of Washington,** and (2) **Notice to Pro Se Litigants of the Dismissal and/or Summary Judgment Rule Requirements under LR 7.1(c) and (d)**, and a copy of this Order

ORDER STAYING THE CAPTIONED MATTER FOR SIXTY DAYS, STRIKING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO RENOTE, AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT - 7

1 | to counsel for Defendant.
2 |     DATED January 23, 2008.
3 |
4 |                 S/ CYNTHIA IMBROGNO
  |            UNITED STATES MAGISTRATE JUDGE
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 | ORDER STAYING THE CAPTIONED MATTER FOR SIXTY DAYS, STRIKING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO RENOTE, AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT - 8