UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT M. WAGGY,            )<br>                             )<br>          Plaintiff,         )<br>                             )<br>v.                           )<br>                             )<br>UNITED STATES OF AMERICA,    )<br>                             )<br>          Defendant.         )<br>_____)  | No. CV-07-181-CI<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS WITHOUT<br>PREJUDICE |

Before the court is Defendant's Motion to Renote and Dismiss. (Ct. Rec. 24.) Plaintiff Robert Waggy is appearing pro se; Defendant is represented by Assistant United States Attorney Frank Wilson. On November 1, 2007, the parties consented to proceed before a magistrate judge. (Ct. Rec. 17.)

**BACKGROUND**

On May 11, 2007, Plaintiff filed claims in state court against Paul Nicholi, an employee of the United States Department of Veterans Affairs (VA), for negligence, outrage, false reporting and lending criminal assistance. Plaintiff complains that Mr. Nicholi was negligent in providing appropriate treatment for Plaintiff's service-connected disabilities. He also claims that in March 1997, Mr. Nicholi conspired illegally with child protective services (CPS) to have Plaintiff's daughter removed from his care. Plaintiff seeks damages of $50,000,000. (Ct. Rec. 1.)

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS WITHOUT PREJUDICE - 1

A Notice of Removal to federal district court was filed in this court on June 4, 2007; on June 13, 2007, James A. McDevitt, U.S. Attorney, certified that Mr. Nicholi was acting "within the course and scope of his federal employment with respect to the conduct which forms the basis for Plaintiff's complaint." (Ct. Rec. 2.) The United States of America was substituted as party by Order of the court on September 10, 2007, and Mr. Nicholi was dismissed from the action. (Ct. Rec. 10.)

On September 11, 2007, Defendant moved for dismissal of the Complaint pursuant to FED. R. CIV. P. 12(b)(1), contending that Plaintiff had failed to exhaust administrative remedies and, therefore, the court lacked subject-matter jurisdiction. Defendant also argued Plaintiff failed to state a claim upon which relief can be granted, FED. R. CIV. P. 12(b)(6). (Ct. Rec. 11, 12.) Plaintiff responded on September 27, 2007, and objected to dismissal, stating since the case had been removed to federal court, (1) he is pursuing federal administrative remedies as required by the Federal Torts Claim Act, and (2) the statute of limitations did not apply because the alleged denial of treatment is still occurring. (Ct. Rec. 16.)

On January 23, 2008, the court entered an Order (1) staying the captioned matter for six months to allow Plaintiff to pursue administrative remedies, (2) striking Defendant's Motion to Dismiss (Ct. Rec. 11) with leave to renote, and (3) granting Plaintiff leave to amend his Complaint. (Ct. Rec. 18, 19.) On April 8, 2008, Plaintiff filed a Motion for a second stay of proceedings, and requested leave to amend his complaint and request for relief. (Ct.

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS WITHOUT PREJUDICE - 2

Rec. 20.)  On May 1, 2008, the court granted Plaintiff's Motion for additional time and extended the stay to **August 1, 2008**.  The court, however, directed there would be no additional stay or extension for time unless agreed upon by the parties.  (Ct. Rec. 23.)  Plaintiff did not file additional pleadings in support of his Complaint or an amended complaint within the time frame allowed.

On August 14, 2008, Defendant filed the instant Motion to dismiss and renote its Motion for Reconsideration, requesting dismissal without prejudice pursuant to FED. R. CIV. P. 12(b)(1), for failure to exhaust administrative remedies, and for failure to state a claim upon which relief can be granted pursuant to FED R. CIV. P. 12 (b)(6).  (Ct. Rec. 22, 24.)

Under the Federal Tort Claims Act, a claimant must exhaust all available administrative remedies before initiating civil actions against the United States. 28 U.S.C. § 2675(a).  *Rooney v. United States*, 634 F.2d 1238, 1241 (9th Cir. 1980).  Tort claims against the United States are barred unless presented to the appropriate federal agency within two years after that claim accrues.  Further, a tort claim against the United States is "forever barred unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); *United States v. Kubrick*, 444 U.S. 111 (1979).

Recognizing the difficulty in determining when a medical malpractice claim accrues for purposes of the FTCA statute of limitations, the Ninth Circuit has held that where a claim is based on failure to diagnose, warn or treat a patient for a pre-existing

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS WITHOUT PREJUDICE - 3

condition, rather than a new injury, a claim accrues under § 2401(b) when "the patient becomes aware or through the exercise of reasonable diligence should have become aware of the development of a pre-existing problem into a more serious condition." *Raddatz v. United States*, 750 F.2d 791, 796 (9th Cir. 1984).

Here, Plaintiff has not presented evidence of exhaustion of the administrative remedies as required, despite two stays granted in these proceedings. Defendant reasonably requests the Motion be dismissed **without prejudice** to refile if and when relevant administrative remedies are exhausted. (Ct. Rec. 22 at 3.) Accordingly.

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss (**Ct. Rec. 24**) is **GRANTED without prejudice**.

2. Absent a showing of good cause, the time during which this matter was pending before this court upon removal by Defendant (June 4, 2008, until the entry of this Order) will not be counted in calculating relevant statutes of limitations (or evaluating exhaustion issues) that began to run prior to entry of this Order, should it become necessary to revisit Plaintiff's claims.

The District Court Executive shall enter judgment for **DEFENDANT**, forward copies of this Order to Plaintiff and counsel for Defendant and close the file.

DATED October 8, 2008.

              S/ CYNTHIA IMBROGNO
        UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS WITHOUT PREJUDICE - 4